**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAUL CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-1137-M |
| ) | |
| WALMART, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss [docket no. 8], filed November 27, 2007. No response was filed. Based upon defendant's submission, the Court makes its determination.

### I.   INTRODUCTION

Plaintiff, a former pharmacist at a Wal-Mart Neighborhood Market in Oklahoma City, Oklahoma, brings this action against named defendant "Walmart", alleging violations of the Americans with Disability Act ("ADA") and the Oklahoma Civil Rights Act. Plaintiff received a right to sue notice from the Equal Employment Opportunity Commission ("EEOC") allowing him to sue defendant within ninety days of receipt of the notice. Plaintiff brought the instant action against defendant, and defendant now moves to dismiss this action with prejudice for lack of subject matter jurisdiction.

### II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Casteneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when


specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking". *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.* Therefore, plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

III.   DISCUSSION

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a plaintiff alleging violations of the ADA has ninety days in which to file suit after receipt of the EEOC right-to-sue letter. *Jackson v. Cont'l Cargo-Denver*, 183 F.3d 1186, 1187 (10th Cir. 1999). The ninety day time limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice and is a condition precedent to suit, rather than a jurisdictional prerequisite. *Jarrett v. U.S. Sprint Commc'n Co.*, 22 F.3d 256, 259-60 (10th Cir. 1994).

In this case, defendant alleges that plaintiff directed suit against "Walmart", rather than "Wal-Mart Stores East, L.P." or "Wal-Mart Stores, Inc." "Wal-Mart Stores East, L.P." and "Wal-Mart Stores, Inc." are registered foreign companies authorized to conduct business in the state of Oklahoma. In contrast, defendant alleges "Walmart", the defendant named on the Complaint, is not a legal business entity in the state of Oklahoma. Furthermore, the EEOC right-to-sue notice named Wal-Mart Stores, Inc. as a party. Defendant contends, therefore, that plaintiff did not commence suit against the proper defendant, Wal-Mart Stores East, L.P. or its parent company, Wal-Mart Stores, Inc., within the statutory ninety day filing period.

Having reviewed defendant's motion and plaintiff's Complaint, the Court finds it lacks subject matter jurisdiction to proceed with this action. It is uncontroverted that plaintiff did not

commence this action against "Wal-Mart Stores East, L.P." or its parent company, "Wal-Mart Stores, Inc.", within the statutory ninety day filing period. Instead the only entity against whom suit was filed within the statutory ninety day filing period was "Walmart", a non-existent entity. The Court further finds it uncontroverted that "Wal-Mart Stores East, L.P." participated and provided plaintiff notice of its proper name in the EEOC administrative proceeding and received notice from the EEOC of plaintiff's right to sue. Furthermore, plaintiff served a copy of the Complaint on the registered agent for "Wal-Mart Stores East, L.P." and "Wal-Mart Stores, Inc.".

IV.   CONCLUSION

Accordingly, for reasons set forth in detail above, the Court GRANTS defendant's Motion to Dismiss and DISMISSES plaintiff's complaint, with prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED this 18th day of March, 2008.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE